FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JUL 0 7 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01583-BNB

WILLIAM A. MAUNZ,

      Applicant,

v.

DENVER DISTRICT CT., and
THE PEOPLE OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

      Applicant, William A. Maunz, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Maunz has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asking the Court to intervene in his pending state court criminal case. The Court must construe the application liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action will be dismissed.

      Mr. Maunz alleges that he was arrested on March 5, 2010, and charged with two counts of second degree burglary. He further alleges that his original trial date of October 19, 2010, was vacated when the trial judge ordered Mr. Maunz to undergo a competency evaluation. Mr. Maunz asserts that, after he was found competent and his trial was reset for February 16, 2011, defense counsel sought another competency

evaluation.  Mr. Maunz contends that he again was found competent to proceed and another trial date was set.  However, he alleges that the trial judge, acting on her own motion, now has requested a third competency evaluation for no legal reason and in violation of his constitutional rights.  As relief Mr. Maunz seeks a stay of the proceedings in his state court criminal case, which the Court interprets as a request for a stay of the order to undergo a third competency evaluation, and he seeks an order directing the state court to address his pending motion to dismiss his allegedly incompetent and ineffective attorney.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate.  *See Younger*, 401 U.S. at 46.  Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Maunz alleges that the charges remain pending against him in state court.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly*

2

*v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, it is not clear exactly what steps Mr. Maunz may have taken to present his federal claims in state court.  However, it is clear that Mr. Maunz fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.  The fact that Mr. Maunz has not obtained the relief he seeks in state court does not mean that he has not had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Maunz "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Maunz will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*.  It is Mr. Maunz's "'heavy burden' to overcome the bar of *Younger* abstention by

setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Mr. Maunz fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal case against Mr. Maunz has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, Mr. Maunz does not allege facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the ongoing state court criminal proceedings. If Mr. Maunz ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the application is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that the motions to amend filed on June 30, 2011, are denied as moot.

DATED at Denver, Colorado, this __7th__ day of _____July_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01583-BNB

William A Maunz
Prisoner No.  457517
Denver County Jail
PO Box 1108
Denver, CO 80201

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 7, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                            Deputy Clerk