FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01583-LTB

WILLIAM A. MAUNZ,

    Applicant,

v.

DENVER DISTRICT CT., and
THE PEOPLE OF THE STATE OF COLORADO,

    Respondents.

---

### ORDER DENYING MOTION TO RECONSIDER

---

Applicant, William A. Maunz, has filed *pro se* on July 13, 2011, a "Motion to Reconsider, 28 U.S.C. § 2241, Stay of Proceedings C.R.S. R. 39/Interlocutory Appeal" (Doc. #13) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on July 7, 2011. The Court must construe the motion to reconsider liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider Mr. Maunz's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. **See id**.

The Court dismissed the instant action pursuant to the abstention doctrine in **Younger v. Harris**, 401 U.S. 37 (1971), because Mr. Maunz is seeking intervention by this Court in his ongoing state court criminal case. In the motion to reconsider, Mr. Maunz again asks the Court to intervene in his state court criminal case, but he does not address the **Younger** abstention doctrine that is the basis for the Court's order dismissing this action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Maunz fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Reconsider, 28 U.S.C. § 2241, Stay of Proceedings C.R.S. R. 39/Interlocutory Appeal" (Doc. #13) filed on July 13, 2011, is denied.

DATED at Denver, Colorado, this __28th__ day of ____July____, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01583-BNB

William Maunz
Prisoner No. 457517
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 28, 2011.

                                   GREGORY C. LANGHAM, CLERK

                                   By: _____
                                                    Deputy Clerk